

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JOHNATHAN JOHNSON,

        Petitioner,

  -against-

COMMISSIONER MARTIN F. HORN and ANDREA W.
EVANS, CHAIRWOMAN,

        Respondents.
------------------------------------------------------------------ X

10-CV-73 (ARR)
10-CV-1387 (ARR)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

In these habeas actions under 28 U.S.C. § 2254, pro se petitioner Johnathan Johnson challenges his denial of parole release in May 2008. Petitioner alleges that, in denying him parole release, the Parole Board relied on an erroneous Pre-Sentence Investigation Report ("PSI"), which the Parole Board and the Department of Probation have improperly refused to correct. By motion dated July 29, 2010, petitioner also seeks to amend his petitions to assert claims related to a second denial of parole release in February 2010 and to stay this action while he exhausts those claims in state court. For the reasons set forth below, the court denies petitioner's claims as procedurally defaulted and meritless and denies the motion for amendment and stay as moot.

## I. BACKGROUND

A.   <u>Underlying Convictions and Collateral Attacks</u>

Petitioner is currently incarcerated pursuant to two judgments of conviction that he addresses separately in his two pending habeas petitions. First, on August 15, 1988, petitioner was convicted by jury verdict in the Supreme Court of the State of New York, Queens County

("Queens County Supreme Court"), of Robbery in the First Degree. See N.Y. Penal Law § 160.15. This judgment was affirmed on appeal. People v. Johnson, 163 A.D.2d 613 (2d Dep't), leave denied, 76 N.Y.2d 940 (1990).

Petitioner has subsequently challenged this robbery conviction in a large number of collateral attacks in state and federal court. Specifically, petitioner has brought or sought to bring at least eleven motions to vacate the judgment, two petitions for a writ of error coram nobis, four state petitions for a writ of habeas corpus, and ten federal petitions for a writ of habeas corpus. See Affidavit of Karen Wigle Weiss, June 1, 2010 ("Weiss June Aff.") ¶¶ 12-45. The Queens County Supreme Court has responded to petitioner's barrage of legal challenges by enjoining him from instituting any further pro se actions or proceedings under this robbery case without prior approval of the Administrative Judge. See id. ¶ 24; People v. Johnson, No. 5908/1987, at 5 (N.Y. Sup. Ct., Queens Cnty., Apr. 30, 2003) (Rosenzweig, J.).

Second, on October 20, 1988, petitioner was convicted by jury verdict in the Queens County Supreme Court of Attempted Rape in the First Degree, see N.Y. Penal Law §§ 110.00, 130.35, and Kidnapping in the Second Degree, see id. § 135.20. The kidnapping conviction was reversed on appeal as merged with the rape conviction, People v. Johnson, 181 A.D.2d 914, 915 (2d Dep't), leave denied, 80 N.Y.2d 833 (1992).

This attempted rape conviction, too, has been the subject of a large number of collateral attacks in state and federal court. Petitioner has brought or sought to bring at least six motions to vacate the judgment, three petitions for a writ of error coram nobis, and eleven federal petitions for a writ of habeas corpus. See Affidavit of Karen Wigle Weiss, Mar. 17, 2010 ("Weiss Mar. Aff.") ¶¶ 14-52.

B.   Parole Hearings and Decisions

On May 13, 2008, petitioner appeared before the Parole Board. Declaration of Paul M. Tarr, July 20, 2010 ("Tarr July Decl.") Ex. C. In his interview, petitioner agreed that he had been found guilty of robbery and attempted rape, both at gunpoint. Id. Ex. C at 4-5. Petitioner contended, however, that he did not commit these crimes, and he submitted documents to the Board in order to substantiate this contention. Id. Ex. C at 3, 11-12. Petitioner also discussed the disciplinary tickets he had received for poor behavior in prison; because of these tickets petitioner said that he was in the Special Housing Unit (the "SHU") and would remain there until, he thought, 2026. Id. Ex. C at 6.

The Parole Board denied petitioner parole release upon its finding that release would be "not in the best interest of society as [petitioner has] not demonstrated [he is] able or willing to abide by the law." Id. Ex. B. In its decision, the Board specifically referred to petitioner's underlying offenses and, more generally, to his criminal history, which, they wrote, indicated a propensity for violence. Id. The Board also referred to petitioner's unsatisfactory behavior while incarcerated. Id.

Petitioner took an administrative appeal of this decision to the Appeals Unit of the Division of Parole, claiming that the Parole Board improperly based its decisions on erroneous information contained in records related to his offenses. Id. Ex. D. Referring to the documents he had provided at his interview, petitioner argued that the crimes for which he is incarcerated involved the use of no weapons and resulted in no injuries to the victims. Id.

Approximately one year later, by decision dated May 28, 2009, the Appeals Unit affirmed the denial of parole release. Id. Ex. E. The Appeals Unit specifically rejected petitioner's argument that the Board relied on erroneous information in making its determination

3

because "the Board fully discussed [petitioner's] criminal history, and [petitioner] himself agreed during the interview that the Board's recitation of the crimes committed was correct." Id. The Appeals Unit also noted that petitioner's submitted documents were considered by the Board. Id. Finally, the Appeals Unit stated that any errors in petitioner's PSI would have to be corrected by the Department of Probation, not by the Parole Board. Id. Petitioner followed up with the Department of Probation, but they refused to amend his PSI on the ground that he should have requested the amendments before sentencing. See Letter of Matilde Leo, dated June 10, 2009 (appended as Ex. 6 to petitioner's reply letter, dated Apr. 16, 2010 (10-CV-73 Dkt. #13)). Later that summer, petitioner sought approval to file a motion to vacate his conviction and to amend his presentence report. Letter of petitioner, dated Aug. 21, 2009 (appended as Ex. 1 to petitioner's reply letter, dated Apr. 16, 2010 (10-CV-73 Dkt. #13)). The Administrative Judge denied such approval by letter dated November 24, 2009. Letter of Jeneen M. Wunder, dated Nov. 24, 2009 (appended as Ex. 3 to petitioner's reply letter, dated Apr. 16, 2010 (10-CV-73 Dkt. #13)).

Thereafter, in June 2009, petitioner commenced an action in the New York State Court of Claims for money damages stemming from his denial of parole. Tarr July Decl. Ex. F. By decision dated December 11, 2009, the Court of Claims dismissed this action for lack of jurisdiction because it would require review of the Parole Board's administrative determination. Id. Ex. H. The Court of Claims noted that the proper vehicle for a challenge to denial of parole would be a petition in the Supreme Court of the State of New York pursuant to Article 78 of the Civil Practice Law and Rules. Id. Ex. H at 3. On May 20, 2010, the Court of Claims denied petitioner's motion for reargument. Id. Ex. K.

On February 16, 2010, petitioner again appeared before the Parole Board and was again

denied parole release. Id. Ex. L. He filed an administrative appeal to this denial on February 22, 2010. Id. Ex. M. On September 16, 2010, the Appeals Unit affirmed this decision of the Parole Board. Declaration of Paul M. Tarr, Dec. 3, 2010 ("Tarr Dec. Decl.") Ex. E. Petitioner has since brought an Article 78 challenging this denial of parole release. Id. ¶ 12.

## II. DISCUSSION

To the extent that these petitions challenge petitioner's underlying convictions, they are successive and this court lacks jurisdiction to hear them without the prior authorization of the Second Circuit. See 28 U.S.C. § 2244(b)(3). Although it is not completely clear, it appears that petitioner's challenge to his denial of parole should not be construed as successive. See Magwood v. Patterson, 130 S.Ct. 2788, 2800 n.12, 2805 (2010) (taking a judgments-based approach to questions of whether a habeas petition is successive but not extending that approach to the parole context); see also Martin v. Bartow, 2010 WL 4978834, at *6 (7th Cir. Dec. 9, 2010) (Magwood "left undisturbed precedent concerning the scope of habeas review for challenges to parole decisions or the loss of good time credits."). Assuming that petitioner may petition this court, the court denies his petitions in because his claims are unexhausted and without merit.[1]

"An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In order to exhaust claims stemming from a denial of parole under New York law, a habeas petitioner must first file an administrative appeal with the Division of Parole's Appeals Unit. Robles v. Dennison, No. 05-CV-0428(VEB), 2010 WL 4026814, at *13 (W.D.N.Y. Oct. 13, 2010) (citing Morel v. Thomas, No. 02-CV-9622(HB), 2003 WL 21488017,

---

[1] Accordingly, the court does not reach respondent's argument that petitioner's February 2010 appearance before the Parole Board mooted his claims with respect to his May 2008 denial of parole release. See Boddie v. New York State Div. of Parole, 285 F.Supp.2d 421, 428 (S.D.N.Y. 2003).

5

at *2 n.3 (S.D.N.Y. June 26, 2003), N.Y. Comp. Codes. R. & Regs. tit. 9, § 8006.1). If that appeal is denied, he must seek relief in New York State Supreme Court pursuant to Article 78 of New York's Civil Practice Law and Rules. Id.; cf. Scales v. New York State Division of Parole, 396 F.Supp.2d 423, 428 (S.D.N.Y. 2005) (parole revocation). Then, if the Article 78 petition is denied, the petitioner must appeal it to the Appellate Division and then seek leave to appeal to the Court of Appeals. Tatta v. Miller, No. 05-CV-1205 (FB)(MG), 2005 WL 2806236, at *2 (E.D.N.Y. Oct. 27, 2005).

In this case, petitioner appealed his May 2008 denial of parole release to the Appeals Unit, but he never challenged its adverse decision in an Article 78 petition. Instead, petitioner commenced an action in the Court of Claims, which dismissed the action upon determining that an Article 78 petition was the proper procedural vehicle for challenging the denial of parole. Petitioner is now time-barred from commencing an Article 78 proceeding related to his May 2008 denial of parole release. See N.Y. C.P.L.R. § 217(1) (applicable four month limitations period).

Because petitioner's claims are procedurally defaulted, the court may review them only if petitioner can demonstrate either (1) "cause" for his failure to exhaust and actual "prejudice" from barring the claim or (2) a "fundamental miscarriage of justice" would result from this courts failure to consider his claims. See Murray v. Carrier, 477 U.S. 478, 485, 495-97 (1986); Jimenez v. Walker, 458 F.3d 130, 148-49 (2d Cir. 2006). Petitioner cannot meet this showing. First, he offers no explanation for his failure to commence an Article 78 petition. Second, and in any event, petitioner cannot show actual prejudice or the prospect of a fundamental miscarriage of justice because his claims are meritless. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to

exhaust the remedies available in the courts of the State.").

Petitioner's allegations of error in his PSI are hard to distinguish from his much-litigated general challenges to the convictions. Even assuming errors with respect to gun use and victim injuries, the court finds that petitioner's challenge fails. In New York, a parole applicant's liberty interest is "limited to not being denied parole for arbitrary or impermissible reasons." See Boddie, 285 F.Supp.2d at 428. In Boddie, Judge Sweet found the Parole Board's use of an uncorrected PSI, which inaccurately stated that that petitioner pointed a shotgun at the victim, did not violate due process where the Parole Board based its decision on permissible factors, including the heinous nature of the crime and a belief that that petitioner would pose a threat to society if released. Id. at 429. Similarly, in this case, the transcript of the May 2008 parole hearing and the text of the subsequent decision establish that the Parole Board based its denial of parole release on permissible factors, including petitioner's criminal history, unsatisfactory behavior while incarcerated, and failure to demonstrate that he is willing and able to abide by the law. Cf. N.Y. Executive Law § 259-i(2)(c)(A) (listing factors relevant to parole release).

### III. CONCLUSION

For the reasons stated above, the petitions for a writ of habeas corpus are denied and petitioner's motion for amendment and stay is denied as moot. Because petitioner has failed to make a "substantial showing of the denial of constitutional right," 28 U.S.C. § 2253(c)(2) (1996), no certificate of appealability will be granted. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/Signed by Judge Ross/
Allyne R. Ross
United States District Judge

Dated:      December 15, 2010
            Brooklyn, New York

**Service List**

Pro Se Petitioner:
Johnathan Johnson
# 89-A-1042
Upstate Correctional Facility
309 Bare Hill Road
P.O. Box 2001
Malone, NY 12953


Attorneys for Respondents
Paul M Tarr
Office of the Attorney General
120 Broadway, 22nd Floor
New York, NY 10271

Karen Wigle Weiss
Queens County District Attorney's Office
125-01 Queens Boulevard
Kew Gardens, NY 11451